## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD G. JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 13-946-GMS |
| ) | |
| SUPERIOR COURT OF NEW CASTLE ) | |
| COUNTY, et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM

Petitioner Ronald G. Johnson ("the petitioner") filed this petition for a writ of mandamus for this Court to order the respondents to explain the policy of appointment of counsel in State criminal cases. (D.I. 2) The petitioner, an inmate, is housed at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware. He appears *pro se* and moves for leave to proceed *in forma pauperis*. (D.I. 1)

## I. MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

The petitioner's motion to proceed in forma pauperis (D.I. 1) in this mandamus proceeding is granted, as he has made the requisite showing of indigence. The Court finds that the petitioner has not sought "to evade the [Prison Litigation Reform Act ("PLRA") ] by masking as a mandamus petition a paper otherwise subject to the Act." *Madden v. Myers*, 102 F.3d 74, 78 (3d Cir. 1996). Therefore, the requirements of the Prison Litigation Reform Act ("PLRA") will not be applied in the present proceeding.[1]

---

[1] Petitioner, while incarcerated, has filed more than three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Johnson v. U.S. Probation Office*, 195 F. App'x 63 (3d Cir. Sept. 13, 2006); *Johnson v. Morgan*, Civ. No. 10-1012-LPS (D. Del. May 26, 2011); *Johnson v. One Unknown Female Officer*, Civ.

## II. WRIT OF MANDAMUS

Under the All Writs Act, a federal court has jurisdiction to issue a writ of mandamus only "in aid of" its jurisdiction. 28 U.S.C. § 1651(a). A federal court may issue a writ of mandamus only if there is an independent basis for subject matter jurisdiction. *See United States v. Christian*, 660 F.2d 892, 894 (3d Cir. 1981) ("Before entertaining" a petition for a writ of mandamus, the court "must identify a jurisdiction that the issuance of the writ might assist.") Federal courts have jurisdiction "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361.[2] Petitioner does not allege any action or omission by a federal officer, employee, or agency that this court might have mandamus jurisdiction to address in the first instance. Instead, he asks this court to exercise mandamus jurisdiction over two State Courts and the Public Defender of the State of Delaware to explain to policy and procedure of appointment of counsel in criminal cases.

This court does not have jurisdiction to grant the request. *See In re Wallace*, 438 F. App'x 135 (3d Cir. July 20, 2011) (federal court lacked jurisdiction to compel state court to dismiss criminal charges against petitioner). *See also In re Wolenski*, 324 F.2d 309, 309 (3d Cir.

---

No. 10-718-LPS (D. Del. Mar. 29, 2011); *Johnson v. Bureau of Prisons*, Civ. No. 10-934-LPS (D. Del. Mar. 28, 2011); and *Johnson v. City of Wilmington Police Dep't*, Civ. No. 93-128-LON (Mar. 9, 1993). Therefore, under the PLRA, Petitioner may not file another civil action *in forma pauperis* while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g).

[2]To be eligible for mandamus relief under 28 U.S.C. § 1361, a petitioner must satisfy three conditions. First, the party seeking issuance of a writ must demonstrate that he has "no other adequate means to attain the relief he desires." *Cheney v. United States Dist. Court*, 542 U.S. 367, 380 (2004) (citation omitted). Next, he must carry the burden of showing that "his right to the issuance of the writ is clear and indisputable." *Id.* at 381 (citations omitted). Finally, "the issuing court ... must be satisfied that the writ is appropriate under the circumstances." *Id.*

2

1963) (per curiam) (explaining that District Court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official"); *Cochran v. Municipal Court of City of Barberton, Summit Cnty.*, 91 F. App'x 365 (6th Cir. Dec. 11, 2003) (federal district court could not compel state officials to follow state law, and thus, federal district court properly dismissed citizen's civil rights claim for writ of mandamus in which citizen sought to compel state court to render decisions on citizen's post-conviction motions in citizen's littering conviction).

This court lacks jurisdiction to consider the petition. In addition, he has failed to demonstrate his entitlement to a writ of mandamus. Finally, the court finds that the petition is frivolous.

## III. SUA SPONTE DISMISSAL

The court has authority to dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B) which provides for *sua sponte* dismissal of actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. As discussed above, the petition is frivolous. Therefore, the court will dismiss the petition pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## IV. CONCLUSION

For the above reasons the court will grant the petitioner's Motion for Leave to Proceed In Forma Pauperis and will dismiss the Petition for Writ of Mandamus as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and for want of jurisdiction. Amendment is futile.

An appropriate order will be entered.

June 5, 2013
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE